**James DANIEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70455.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 21, 2007.

Niels Frenzen, University of Southern CA, Law School Immigration Clinic, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Adam S. Fels, Esq., Stephen Paskey, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,* District Judge.

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Daniel, a native of Sudan, petitions for review of the Board of Immigration Appeals' (BIA) affirmance of an Immigration Judge's (IJ) opinion denying his application for asylum under 8 U.S.C. § 1158(b)(1), withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture (CAT). Because one member of the BIA summarily affirmed the IJ's decision without an opinion, "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004) (internal quotation marks omitted). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir.2004) (per curiam). We have jurisdiction pursuant to 8 U.S.C. § 1252, and grant the petition.

■ The IJ acknowledged that Daniel has a well-founded fear of future persecution if he were to return to northern Sudan, but concluded that he could relocate to the Nuba Mountains in southern Sudan. In reaching this conclusion, the IJ erred by failing to consider the factors that must be considered in determining whether it would be reasonable for a petitioner to relocate. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir.2004). Those factors are set forth at 8 C.F.R. § 1208.13(b)(3).[1]

■ Moreover, the IJ erred by concluding that Daniel does not have a sincere or subjective fear of persecution because he did not apply for asylum or permanent residency in the several countries through which he traveled before arriving in the United States. *See Damaize–Job v. INS*, 787 F.2d 1332, 1337 (9th Cir.1986) (holding that the petitioner's failure to apply for asylum elsewhere is not "a valid basis for questioning the credibility of his persecution claims"); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1071 (9th Cir.2003); *Garcia–Ramos v. INS*, 775 F.2d 1370, 1374–75 (9th Cir.1985).[2]

Accordingly, we grant the petition and remand to the BIA to further consider Daniel's asylum application in a manner consistent with this decision. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1214–15 (9th Cir.2004). For the same reasons, we remand Daniel's application for withholding of removal under 8 U.S.C. § 1231(b)(3) and relief under the CAT.

**PETITION GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Contrary to the government's argument, we do not lack jurisdiction to consider this issue because Daniel exhausted it by sufficiently raising the issue in his brief before the BIA. Also, he stated in his notice of appeal to the BIA that "the IJ improperly determined that [Daniel] could return to an isolated rebel-controlled area of Sudan and therefore avoid government persecution." *See Kaganovich v. Gonzales*, 470 F.3d 894, 897 (9th Cir.2006) (citing *Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000)).

2. Moreover, the IJ found Daniel to be credible. Thus, his testimony that he had a subjective fear of persecution must be credited.