**Mauricio MAGANA–CLAUDIO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–71557.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed June 20, 2007.

Sean James O'Hara, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Petitioner.

Mauricio Magana–Claudio, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BYBEE, MILAN D. SMITH, Jr., and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Petitioner Mauricio De Jesus Magana–Claudio, a native and citizen of El Salvador, entered the United States without inspection and subsequently obtained legal permanent resident status.[1] He now petitions for review of a final order of removal and of the decision of the Board of Immigration Appeals (BIA) affirming without opinion the decision of the Immigration Judge (IJ). The IJ (1) found that petitioner is removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on his conviction for a controlled substance offense; (2) found that petitioner was also removable under 8 U.S.C. § 1227(a)(2)(E)(i) based on his conviction for a "stalking" offense; (3) exercised his discretion to deny petitioner's application for cancellation of removal; and (4) ordered petitioner removed to El Salvador. We dismiss the petition for lack of jurisdiction under 8 U.S.C. § 1252(d)(1).

In the immigration context, exhaustion of administrative remedies is a statutory prerequisite to review in the courts of appeals. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). The alien need not elaborate extensively on an argument to meet the exhaustion requirement, but he must at least mention it in his Notice of Appeal or brief to the BIA. *See Kaganovich v. Gonzales,* 470 F.3d 894, 897

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here.

(9th Cir.2006). That mention must be "sufficient to put the BIA on notice [and give] the agency ... an opportunity to pass on th[e] issue." *Id.* (citing *Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004) (per curiam)).

On appeal to this court, petitioner raises a number of legal claims: that the IJ erred in finding him removable under 8 U.S.C. § 1227(a)(2)(B)(i) for the controlled substance offense; that the IJ violated petitioner's due process rights by failing to comply with certain regulations; and that the IJ's legal errors tainted his exercise of discretion. Even though we construe petitioner's *pro se* Notice of Appeal and BIA brief broadly and liberally, *see Barron,* 358 F.3d at 676 n. 4, neither document puts the BIA on notice that petitioner meant to bring his challenge to removability,[2] his due process claim,[3] or his challenge to the IJ's discretionary ruling.[4] Because he failed to exhaust his administrative remedies, we lack jurisdiction to consider those claims. *See* 8 U.S.C. § 1252(d)(1); *Barron,* 358 F.3d at 677–78.

This court's decision in *Huerta–Guevara v. Ashcroft,* 321 F.3d 883 (9th Cir.2003), is not to the contrary. That case addressed waiver by concession and exceptions to waiver, not exhaustion of administrative remedies. *Id.* at 886. Petitioner's brief to this court raises a number of legal issues which he did not raise before the IJ. We could consider them, even though not presented to the IJ, had he raised them in his administrative appeal to the BIA. But he did not do so. For that reason, they are not exhausted and we have no jurisdiction to consider them here. 8 U.S.C. § 1252(d)(1).

**PETITION DISMISSED.**

---

2. We note that although Magana–Claudio challenges his removability based on his controlled substance offense, he concedes that he is separately removable based on his stalking offense.

3. While certain constitutional claims may be exempt from the exhaustion requirement, this is a claim of "mere procedural error" that the agency could remedy, and it is therefore not exempt. *See Barron,* 358 F.3d at 678.

4. Moreover, to the extent petitioner challenges the IJ's actual exercise of discretion in his denial of the application for cancellation of removal, we would also lack jurisdiction to review that discretionary decision. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003).

