**Luiz MAURILIO DE SOUZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74974.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed July 3, 2007.

Mindy Reynolds, Law Office of Mindy Reynolds, Redwood City, CA, for Petitioner.

by 9th Cir. R. 36–3.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., Harold M. Sklar, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM *

Luiz Maurilio De Souza petitions for review of the Board of Immigration Appeals ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for withholding of removal. We grant in part and deny in part the petition for review.

We grant Maurilio De Souza's petition for review of the denial of his application for withholding of removal under the Convention Against Torture ("CAT"). In this case, the IJ required individualized rather than generalized proof that the government would acquiesce in third-party torture. This specificity requirement is *ultra vires* to congressional intent as established in *Zheng v. Ashcroft,* 332 F.3d 1186, 1194–96 (9th Cir.2003). A CAT applicant can prove willful blindness to and, thus, acquiescence in third-party torture by showing that the government in the country of removal is generally unwilling or unable to prevent the third party's torturous acts. *Id.* at 1195 & n. 8; *Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1060 (9th Cir. 2006) ("It is enough that public officials could have inferred the alleged torture was taking place, remained willfully blind to it,

or simply stood by because of their inability or unwillingness to oppose it."). Because the IJ and BIA employed an incorrect legal standard in evaluating the CAT claim, we grant the petition and remand to the agency for its reconsideration. *INS v. Ventura,* 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We also grant Maurilio De Souza's petition for review on his claim of eligibility for statutory withholding based on social group persecution. The petitioner sufficiently exhausted the claim below by raising it on his withholding application and in his notice of appeal to the BIA. *See Kaganovich v. Gonzales,* 470 F.3d 894, 897 (9th Cir.2006) (holding that a bare notation in a notice of appeal to the BIA is sufficient to exhaust, even where the claim is not developed in briefs submitted to the BIA); *Ladha v. INS,* 215 F.3d 889, 903 (9th Cir. 2000) (same). We therefore grant the petition for review with respect to that claim and remand to the BIA for a merits determination. *See Gonzales v. Thomas,* 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006).

We deny the petition for review as to Maurilio De Souza's eligibility for statutory withholding based on political persecution. Petitioner has not established that any persecution he faced in Brazil would be on account of a political opinion. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.