**Pavel Elias VIZCAINO–CARDONA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2008.

Filed Jan. 24, 2008.

ed by 9th Cir. R. 36–3.

Andrew Tulumello, Esq., Justin S. Herring, Gibson Dunn & Crutcher, LLP, Washington, DC, Pavel Elias Vizcaino Cardona, Eloy, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Joshua E. Braunstein, Esq., Stacey I. Young, Esq., Kohsei Ugumori Fax, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and IKUTA, Circuit Judges.

MEMORANDUM *

■ We do not have jurisdiction to review Vizcaino–Cardona's due process claim because it was not exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). Although we are mindful of the relevant presumptions in favor of pro se pleadings, *see Agyeman v. INS,* 296 F.3d 871, 877 (9th Cir.2002), Vizcaino–Cardona did not put the BIA on notice of his due process claim. *See Kaganovich v. Gonzales,* 470 F.3d 894, 897 (9th Cir.2006). Vizcaino–Cardona's citation to *Agyeman* was inadequate to raise the issue that the IJ had violated his constitutional due process rights by depriving him of a full and fair hearing. Accordingly, the BIA did not have "a full opportunity to resolve [the] controversy or correct its own errors before judicial intervention." *Ladha v. INS,* 215 F.3d 889, 903 (9th Cir.2000) (internal quotation marks omitted).

■ We do, however, have jurisdiction to review the BIA's determination that Vizcaino–Cardona was statutorily ineligible for asylum because that determination was not based on his conviction of an enumerated criminal offense. The relevant statutory provision, 8 U.S.C. § 1252(a)(2)(C), does not divest this court of jurisdiction to review the denial of an asylum application unless it is based on a petitioner's qualifying enumerated criminal convictions. *See Morales v. Gonzales,* 478 F.3d 972, 977–78 (9th Cir.2007); *Arteaga v. Mukasey,* 511 F.3d 940, 942–43 & n. 1 (9th Cir.2007).

■ The IJ's and BIA's determination that Vizcaino–Cardona was statutorily in-

eligible for asylum because he did not establish a "well-founded fear of persecution" was supported by substantial evidence. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). The State Department Report does not specify that dark-skinned Mexicans (or those with poor Spanish language skills) are more likely to be targeted for abuse and arbitrary arrest than other groups. Additionally, the threats Vizcaino–Cardona received in American prison are not sufficient to show that he will be singled out for persecution in Mexico. In short, the IJ's determination that Vizcaino–Cardona did not succeed in demonstrating that his fear of persecution was "objectively reasonable" was supported by substantial evidence. *Gu v. Gonzales,* 454 F.3d 1014, 1019 (9th Cir.2006).

■ The BIA also did not abuse its discretion in refusing to consider the argument that Vizcaino–Cardona had a well-founded fear of persecution based on his homosexuality. The argument was raised for the first time on appeal to the BIA. Vizcaino–Cardona argues that he attempted to raise the issue in his hearing before the IJ when he referred to the fact that he walked and talked differently, but in context it is clear that those statements were made in reference to Vizcaino–Cardona's earlier comments that he felt estranged from the Mexican community because he was dark-skinned and because he had adopted African–American mannerisms.

■ Because we conclude that Vizcaino–Cardona did not establish a well-founded fear of persecution for purposes of his asylum application, which has a lower standard of proof, we need not address his withholding of removal claim. *See Pedro–*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000). Because Vizcaino–Cardona was statutorily ineligible for asylum, we also need not reach his claim that the IJ erred in its discretionary asylum determination.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.