**Abdul A. SALEH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71235.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

Bill Waddell, Law Offices of Bill Waddell, San Diego, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Paul Fiorino, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Abdul A. Saleh, a native and citizen of Afghanistan, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") decision denying his application for lawful permanent resident cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252, *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006), and we review questions of law de novo, *id.* We dismiss the petition for review in part, deny it in part, grant it in part, and remand for further proceedings.

We lack jurisdiction to review Saleh's claim that the government did not show that his conviction occurred after September 30, 1996, as this contention was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

We reject Saleh's contention that he is not removable because 8 U.S.C. § 1227(a)(2)(E) was retroactively applied to him. His conviction, which is the relevant proscribed act, occurred after the effective date of the statute. *See Saravia–Paguada v. Gonzales*, 488 F.3d 1122, 1132 (9th Cir.2007) ("[T]he past relevant conduct is an alien's decision whether to enter a guilty plea or to proceed to trial, and not the commission of the underlying criminal conduct.").

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Saleh exhausted his claim that the IJ incorrectly applied the stop-time rule by stating in his notice of appeal to the BIA that he "was not convicted of . . . [a] disqualifying crime to deny him the clock necessary to his cancellation application." *See Kaganovich v. Gonzales*, 470 F.3d 894, 897 (9th Cir.2006) (exhaustion requires an issue to be raised sufficiently "to put the BIA on notice" (internal quotation marks and citation omitted)); *see also Moreno–Morante v. Gonzales*, 490 F.3d 1172, 1173 n. 1 (9th Cir.2007) ("Moreno's failure to elaborate on his general contention with a specific statutory argument is . . . immaterial for jurisdiction purposes.").

The IJ erred in applying 8 U.S.C. § 1229b(d)(1)(B) to deny Saleh cancellation of removal, because "crimes of domestic violence" are not "referred to in section 212(a)(2)" of the Immigration and Nationality Act. *See Matter of Campos–Torres*, 22 I. & N. Dec. 1289, 1295 (BIA 2000) (en banc) (offenses making aliens removable under 8 U.S.C. § 1227(a)(2) that are "not referred to in section 212(a)(2) of the Act [do] not 'stop time' under section 240A(d)(1)"). We therefore remand for reconsideration of Saleh's application for cancellation of removal.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.