**HONG KIEN CO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71667.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Steve J. Rodriguez, Esq., Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Hong Kien Co, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's

** This disposition is not appropriate for publication and is not precedent except as provid-

decision denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). We review de novo questions of law, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir. 2003), and we review for substantial evidence the factual determinations underlying a denial of CAT relief, *Lemus–Galvan v. Mukasey,* 518 F.3d 1081, 1084 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

■ Co's contention that his refugee status was not properly terminated is foreclosed by *Kaganovich v. Gonzales,* 470 F.3d 894, 898 (9th Cir.2006) ("an alien who arrives in the United States as a refugee may be removed even if refugee status has never been terminated").

■ A reasonable factfinder would not be compelled to reverse the agency's denial of CAT relief because Co has not shown that it is more likely than not that he would be tortured if returned to Vietnam. *See Lemus–Galvan,* 518 F.3d at 1084.

■ We lack jurisdiction to review the agency's decision that Co was convicted of a particularly serious crime, and that he is consequently ineligible for withholding of removal, because the agency applied the correct legal standard in making the determination. *See Delgado v. Mukasey,* 546 F.3d 1017 (9th Cir.2008); *cf. Afridi v. Gonzales,* 442 F.3d 1212, 1217–21 (9th Cir. 2006), *overruled in part on other grounds by Estrada–Espinoza v. Mukasey,* 546 F.3d 1147 (9th Cir.2008) (en banc).

ed by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.