MEMORANDUM **
Somnang Nhek, a native of Thailand, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying withholding of removal and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.
 We reject the government’s argument that, because Nhek was convicted of an aggravated felony, we lack jurisdiction to review the denial of withholding of removal and CAT relief. See Bromfield v. Mukasey, 543 F.3d 1071, 1075 (9th Cir. 2008) (holding that where an “IJ denies withholding of removal or CAT relief on the merits, rather than relying on the aggravated felony conviction, we have juris *689 diction to review the merits of these claims”).
Nhek is subject to removal even if his adjustment of status to permanent resident did not terminate his refugee status. See Kaganovich v. Gonzales, 470 F.3d 894, 897-98 (9th Cir.2006) (holding that “an alien who arrives in the United States as a refugee may be removed even if refugee status has never been terminated”).
Substantial evidence supports the IJ’s conclusion that Nhek did not show he more likely than not would be persecuted on account of a protected ground if he returns to Cambodia. See Nahrvani v. Gonzales, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (finding speculative evidence insufficient to compel finding that future persecution is an objectively reasonable possibility).
Substantial evidence also supports the IJ’s conclusion that Nhek did not show he more likely than not would be tortured by the government or with the government’s acquiescence. See Theagene v. Gonzales, 411 F.3d 1107, 1113 (9th Cir.2005) (general risk of indefinite detention by authorities does not by itself merit CAT protection).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.