Hovik **MANUKIAN**, Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General, Respondent.

No. 03–74217.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2009.*

Filed Oct. 7, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hovik Manukian, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil, Washington, DC, for Respondent.

Before: RYMER and TASHIMA, Circuit Judges, and ADELMAN,** District Judge.

### MEMORANDUM ***

Hovik Manukian, a native and citizen of Iran, seeks review of a final order of the Board of Immigration Appeals (BIA) denying his claims for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We grant the petition and remand for a determination on an open record whether Manukian is entitled to asylum, withholding of removal or CAT relief.[1]

The BIA and immigration judge (IJ) made an adverse credibility determination on three grounds, stating each was insufficient by itself, but, taken together, provided sufficient reason to discredit Manukian's testimony that he was a member of the Assembly of God Church in Iran, assisted Muslims in converting to Christianity, and escaped Iran to avoid persecution for his role in the conversion of Muslims. We conclude that at least one of these grounds—that an Assembly of God member would have made more effort to locate or attend more frequently Assembly of God services in Las Vegas, Nevada or Glendale, California—was based on improper conjecture. *See Li v. Holder,* 559 F.3d 1096, 1102–07 (9th Cir.2009); *Guo v. Ashcroft,* 361 F.3d 1194, 1201–02 (9th Cir. 2004); *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000). The IJ's decision also failed to address Manukian's uncontested explanation that there were no Assembly of God Churches providing services in Armenian—the only language he spoke besides Farsi—in Las Vegas, where he lived at the time. *See Singh v. Gonzales,* 439 F.3d 1100, 1106–07 (9th Cir.2006). Manukian's challenge to the adverse credibility determination in his notice of appeal to the BIA and the BIA's combined affirmance on all three grounds of the IJ's adverse credibility determination sufficiently exhausted the claim. *See Kaganovich v. Gonzales,* 470 F.3d 894, 897 (9th Cir.2006). Because this one ground fails, we are compelled to find the adverse credibility determination, as stated by the BIA and IJ, was unsupported by substantial evidence. *Guo,* 361 F.3d at 1199.

We therefore grant the petition for review and remand to the BIA for further proceedings on an open record. *Soto–Olarte v. Holder,* 555 F.3d 1089, 1093–96 (9th Cir.2009).

---

** The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Manukian's counsel on appeal is currently in disciplinary proceedings before the Ninth Circuit, and the court has ordered him not to file any new cases for one year pending proof of adequate retraining, and that amicus counsel be appointed to some of his cases, *see In re: Asbet A. Issakhanian, Esq.,* No. 09–80068 (9th Cir.), we have independently reviewed the record and construed Manukian's appeal as raising and arguing all issues that would be presented by competent amicus counsel.

PETITION GRANTED; REMAND-ED.