**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| FRANCISCO JAVIER CASTRUITA-GOMEZ, a.k.a. Francisco J. Castruita, Francisco Castruita, Francisco Javier Castruita,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-74582<br><br>Agency No. A091-510-225<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, ARCHER, Senior Circuit Judge,[**] and
CALLAHAN, Circuit Judge.

Francisco Javier Castruita-Gomez ("Castruita") brings this petition for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Glenn L. Archer, Jr., Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

immigration judge's ("IJ") determination that he is removable based on his conviction for three crimes of moral turpitude ("CIMTs"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand to the BIA for further proceedings. [1]

**1.** We hold that Castruita exhausted his due process claim before the BIA by contending that the IJ erred in relying solely on Castruita's admissions in response to legal questions rather than holding the government to its burden of proof and examining the record of conviction. *See Agyeman v. INS*, 296 F.3d 871, 877-78 (9th Cir. 2002); *Kaganovich v. Gonzales*, 470 F.3d 894, 896-97 (9th Cir. 2006).

**2.** An alien in removal proceedings has a Fifth Amendment right to a full and fair hearing. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000); 8 U.S.C. § 1229a(b)(4)(B). The BIA's decision will be reversed on due process grounds where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case; and (2) the alien has demonstrated prejudice, i.e., that the outcome of the proceeding "may have been affected" by the alleged violation. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006). For a pro se alien to receive a full and fair hearing, the IJ must adequately explain

---

[1] We grant both Castruita's and the government's motions for leave to file supplemental briefs.

hearing procedures and develop the record fully. *Agyeman*, 296 F.3d at 877. We review de novo a claimed due process violation. *Ibarra-Flores*, 439 F.3d at 620.

3. We conclude that Castruita's hearing did not comport with due process because the IJ did not apply the categorical and modified-categorical approaches to Castruita's convictions, or develop the factual record necessary to do so. Specifically, he did not consider the record evidence that established that each of Castruita's three convictions occurred prior to his earlier removal proceeding and grant of cancellation of removal. *See Pangilinan v. Holder*, 568 F.3d 708, 709-10 (9th Cir. 2009). As the IJ acknowledged, he also may not have given Castruita adequate explanation of the hearing procedures and the import of his questions. Also, the BIA did not consider the relevant record evidence and apply the categorical and modified-categorical approaches to Castruita's convictions. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). Castruita was prejudiced by the absence of due process, because the outcome of the proceeding may have been affected if these things had occurred.

4. We decline to consider as premature Castruita's challenge to the retroactive application of *In re Silva-Trevino*, 24 I. & N. Dec. 687 (A.G. 2008).

**5.** Accordingly, we remand this matter to the BIA to consider whatever issues it finds appropriate. The BIA may wish to consider the following issues on remand.

**a.** The BIA may determine whether any of Castruita's convictions occurred within five years of his gaining legal status, such that he is potentially removable under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i) (conviction of one CIMT within five years after admission). *See Shivaraman v. Ashcroft*, 360 F.3d 1142, 1147-49 (9th Cir. 2004). The present record contains no basis to determine whether Castruita has remained continuously in legal status in the United States since his entry, or when he first gained legal status after entering.

**b.** The BIA may consider whether, in view of *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007), the government may again allege as predicate removal offenses Castruita's convictions for which he received cancellation of removal under INA § 240(A) on June 15, 2000.

**c.** If necessary, the BIA should apply the categorical and modified-categorical approaches to Castruita's convictions.

**PETITION GRANTED AND REMANDED.**