FILED

APR 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YONGSHAN WU-CHENG, | No. 07-70920 |
| Petitioner, | Agency No. A098-596-238 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2011
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Petitioner Yongshan Wu-Cheng ("Wu-Cheng") petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's

("IJ") denial of his motion to reopen. Following Wu-Cheng's failure to appear on

time for his merits hearing, the IJ ordered him deported *in absentia*. Wu-Cheng

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

argues on appeal that he did not "fail to appear" for his hearing.[1]  He avers that his

interpreter misinformed him that his hearing was scheduled at 1:00 p.m. on March

1, 2006, instead of 9:00 a.m. that morning.  Wu-Cheng recounts, through his

interpreter, the day's events:

> When I arrived to the court at about 11:00 a.m., I found nobody there,
> and waited at the waiting area.  At 1:00 p.m., I entered the
> court[]room.  But the Judge did not talk to me until everyone left.  So,
> I showed the judge my A number.  Then, a lady at the court told me
> (translated by my friend through my cell phone) that my hearing time
> was at 9:00 a.m., and I was ordered removed by the judge.
> Unfortunately, the judge did not put on the record that I came because
> he already closed the case.

Therefore, according to Wu-Cheng, he did appear for his hearing, albeit late.  His

declaration is uncontested.

In *Perez v. Mukasey*, this Court held that "a petitioner who arrives late for

his immigration hearing, but while the IJ is still in the courtroom, has not failed to

---

[1] The government contends that we do not have jurisdiction over this claim because Wu-Cheng failed to raise it before the BIA.  *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (citations omitted).  We disagree.  Wu-Cheng stated in his brief before the BIA that he "did not fail to appear entirely" and cited to a case in which the Seventh Circuit briefly discussed the difference between a "failure to appear at all and a failure to appear at exactly the appointed hour." *Nazarova v. INS*, 171 F.3d 478, 485 (7th Cir. 1999).  We find that the exhaustion requirement is met.  *See Figueroa*, 543 F.3d at 492; *Kaganovich v. Gonzales*, 470 F.3d 894, 897 (9th Cir. 2006); *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam).  By contrast, we find that Wu-Cheng failed to exhaust his due process and ineffective assistance of counsel arguments before the BIA, and we therefore lack jurisdiction over those claims.

appear for that hearing." 516 F.3d 770, 774 (9th Cir. 2008). "Accordingly, he is not required to demonstrate exceptional circumstances in order to reopen his proceedings." *Id.*

Neither the IJ nor the BIA had the benefit of our reasoning in *Perez* when it considered Wu-Cheng's claims. Additionally, neither court passed on the question of whether Wu-Cheng had actually failed to appear for his hearing. Instead, they assumed that he had failed to appear and went on to consider whether he had established "exceptional circumstances" to excuse his non-appearance. *See* 8 U.S.C. § 1229a(b)(5)(C)(i); *id.* § 1229a(e)(1). Therefore, no factual findings exist as to whether Wu-Cheng appeared in the courtroom the day of his hearing.

We remand to the BIA to make findings as to whether Wu-Cheng attended immigration court on the day of his hearing. The BIA should then consider whether Wu-Cheng failed to appear in light of our decision in *Perez*. We dismiss Wu-Cheng's due process and ineffective assistance of counsel claims for lack of jurisdiction. Each party shall bear its own costs.

**Petition for review GRANTED in part and DISMISSED in part; the case is REMANDED for further proceedings consistent with this disposition.**