**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUN 07 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DUC TRI VO, | No. 08-72894 |
| Petitioner, | Agency No. A071-006-375 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 16, 2012
San Francisco, California

Before: REINHARDT and MURGUIA, Circuit Judges, and EZRA, District
Judge.[**]

Duc Tri Vo petitions for review of a decision by the Board of Immigration

Appeals ("BIA"), affirming the Immigration Judge's ("IJ") determination that he is

inadmissible under 8 U.S.C. § 1182(a)(2)(C) and ineligible for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

of removal, or relief under the Convention Against Torture. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.[1]

**1.**    The BIA did not err in holding that Vo is inadmissible under § 1182(a)(2)(C) because there is reason to believe that he "has been an illicit trafficker in [a] controlled substance." The BIA's holding "must be affirmed if based on reasonable, substantial, and probative evidence," *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000), and the record here contains such evidence. We reject Vo's argument that the BIA was precluded from relying on a police report offered as documentary evidence because the officer who prepared the report did not testify. "In the immigration context, hearsay is admissible if it is probative and its admission is fundamentally fair." *Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006). The report is clearly probative, and its admission was not unfair. We also disagree with Vo's argument that the BIA erred in discrediting his testimony. We review credibility determinations for substantial evidence, *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005), and find such evidence here.

---

[1] We have jurisdiction to determine whether Vo "is an alien removable by reason of one . . . of the enumerated" criminal grounds. *Flores-Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir. 2000) (alterations and internal quotation marks omitted). We also have jurisdiction over Vo's claims for asylum and withholding of removal. *Morales v. Gonzales*, 478 F.3d 972, 980–81 (9th Cir. 2007).

**2.** To determine whether § 1182(a)(2)(C) is impermissibly vague, "[w]e consider whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'" *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003) (internal quotation marks and alterations omitted). As in *Rojas-Garcia*, we hold that a reasonable person of ordinary intelligence in Vo's position would have known that his conduct could give the government reason to believe he is an "an illicit trafficker in [a] controlled substance."

**3.** The agency did not err in placing the burden on Vo to show that he is eligible for relief from removal, notwithstanding his prior designation as a refugee. "[A]n alien who arrives in the United States as a refugee may be removed even if [his] refugee status has never been terminated . . . ." *Kaganovich v. Gonzales*, 470 F.3d 894, 898 (9th Cir. 2006). 8 C.F.R. § 1240.35(c) does not apply to Vo, *see* 8 C.F.R. § 1240.30, and we decline to address Vo's argument—raised for the first time in his supplemental letter brief—that the regulation is invalid. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

**4.** We also affirm the BIA's determination that Vo has not established his eligibility for asylum or withholding of removal because the agency's conclusion is supported by substantial evidence. *Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010). Although the BIA did not separately evaluate Vo's claim of past

-3-

persecution, the BIA cited to the IJ's analysis of both past persecution and a fear of future persecution in its affirmance of the IJ's denial of relief. Because the BIA adopted the IJ's reasoning, the BIA did not erroneously ignore an issue. *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

**5.**     Substantial evidence also supports the agency's denial of relief under the Convention Against Torture. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).

**PETITION DENIED.**