**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRABHJOT KAUR GILL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71980<br><br>Agency No. A098-132-086<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2013[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District
Judge.[***]

Prabhjot Kaur Gill, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") final order dismissing her appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and dismiss in part Gill's petition for review.

Substantial evidence supports the BIA's determination incorporating the IJ's adverse credibility finding based on Gill's demeanor. *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) ("We give special deference to a credibility determination that is based on demeanor.") (internal quotation marks omitted). The record does not compel reversal of the agency's demeanor finding that Gill did not listen carefully and completely to questions before reciting seemingly memorized answers at her immigration hearing. Substantial evidence also supports the agency's adverse credibility findings based on Gill's superficial knowledge of political events and based on the documentary evidence in the record that undermined rather than corroborated Gill's testimony. We conclude that the absence of credible testimony and Gill's failure to corroborate her testimony are fatal to her asylum and withholding-of-removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application.").

Because Gill's CAT claim is based on the same testimony and evidence found to be lacking in credibility, her CAT claim also fails. *See Farah*, 348 F.3d at 1156–57. Although Gill argues that country condition reports may adequately support a CAT claim even where a petitioner's testimony lacks credibility, *see Kamalthas v. INS*, 251 F.3d 1279, 1280–84 (9th Cir. 2001), the agency correctly determined that the country condition reports actually discredited Gill's claims of torture and persecution. Nothing in the record compels the finding that Gill would more likely than not be tortured if returned to India.

Finally, we lack jurisdiction to review Gill's newly raised voluntary departure claim, which was not exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *Kaganovich v. Gonzales*, 470 F.3d 894, 896–97 (9th Cir. 2006).

**PETITION DENIED in part; DISMISSED in part.**