**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NGOLI NYIRENDA,
AKA Ngoli Vukani Nyirenda,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    15-70105

Agency No. A077-979-154

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 6, 2016
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

Petitioner Ngoli Nyirenda, a native and citizen of Zambia, petitions for

review of the Board of Immigration Appeals' decision dismissing his appeal from

an immigration judge's decision that denied his application for deferral of removal

under the Convention Against Torture.  We deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The government's argument that Nyirenda's petition for review must be dismissed because it is untimely is without merit. Nyirenda timely filed his petition by depositing it in the Santa Ana City Jail's mailing system on December 7, 2014. Nyirenda has submitted a declaration to that effect. The government argues that Nyirenda's declaration does not comply with Rule 25(a)(2)(C) of the Federal Rules of Appellate Procedure because Nyirenda did not specifically state that "first-class postage has been prepaid," but Nyirenda stated that he "deposited all of the copies of the filing in the Santa Ana mail system, using first-class certified mail on December 7." It is clear from Nyirenda's declaration that first-class postage was prepaid, which satisfies Rule 25(a)(2)(C).

Turning to the merits, we reject Nyirenda's argument that the BIA applied incorrect legal standards in reviewing his claim for deferral of removal under CAT. There is nothing in the BIA's opinion suggesting that it viewed either being specifically targeted for torture or the existence of gross, flagrant, or mass violations in Zambia as dispositive. The BIA discussed these issues as relevant factors, as they are under 8 C.F.R. § 1208.16(c), but not as determinative considerations.

Nyirenda's argument that the BIA applied an incorrect standard by considering whether he had shown gross, flagrant, or mass violations of the rights

2

of LGBT persons specifically, rather than of human rights generally, was sufficiently raised before the agency, *see Kaganovich v. Gonzales*, 470 F.3d 894, 897 (9th Cir. 2006), but does not afford Nyirenda relief. The BIA cited the correct standard in its opinion and discussed violations of the rights of LGBT persons specifically to determine whether Nyirenda had presented evidence demonstrating a particularized risk. Nyirenda did not argue that he was at risk for another reason.

Contrary to the government's contention, Nyirenda exhausted his argument that evidence relevant to the possibility of future torture was not considered. On the merits, however, the argument fails. Nyirenda has not demonstrated that the BIA misstated the record, failed to "mention highly probative or potentially dispositive evidence," or that the BIA opinion otherwise indicates that relevant evidence was ignored or overlooked. *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011).

Lastly, substantial evidence supports the BIA's determination that Nyirenda is not entitled to CAT relief. Nyirenda has not shown that "it is more likely than not" that he will be tortured if removed to Zambia. 8 C.F.R. § 1208.16(c)(2). Nyirenda's past experiences in Zambia, though disturbing, do not rise to the level of torture. *See* 8 C.F.R. § 1208.18(a)(1). Nyirenda's country conditions evidence demonstrates that there are instances of violence, including torture, against LGBT

3

persons in Zambia, along with an extremely hostile environment to homosexuality, but Nyirenda has failed to establish that the risk he faces is as great as the standard required for CAT relief. He may have demonstrated that he is more likely than not to experience discrimination and persecution, but not torture.

**PETITION DENIED.**