**Doi PHAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72575.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2009.*

Nov. 10, 2009.

Christopher Joren Lyons, Asian Law Caucus, San Francisco, CA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, Brooke Maurer, Trial, OIL, U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN,** District Judge.

## MEMORANDUM ***

Doi Phan appeals the dismissal by the Board of Immigration Appeals ("BIA") of his appeal from the Immigration Judge's denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We grant the petition in part and deny it in part.

### I

■ The BIA did not err in concluding Petitioner could be deported without termination of his refugee status. This issue is fully controlled by our decision in *Kaganovich v. Gonzales*, 470 F.3d 894 (9th Cir. 2006), which found that an alien who arrived in the United States as a refugee pursuant to 8 U.S.C. § 1157 may be removed, even if his refugee status has never been terminated pursuant to 8 U.S.C. § 1157(c)(4).

** The Honorable Edward R. Korman, United States District Judge, Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In *In re Frentescu,* the BIA identified four relevant factors for determining whether a

### II

We have jurisdiction to review the denial of withholding of removal to the extent that a petitioner raises questions of law, including mixed questions of law and fact, or constitutional claims. *Morales v. Gonzales,* 478 F.3d 972, 978 (9th Cir.2007). Petitioner alleges the BIA applied the wrong legal standard in determining that his conviction was a "particularly serious crime." While the court "cannot reweigh evidence to determine if the crime was indeed particularly serious, we can determine whether the BIA applied the correct legal standard in making its determination." *Delgado v. Holder,* 563 F.3d 863, 871 (9th Cir.2009) (quoting *Afridi v. Gonzales,* 442 F.3d 1212, 1218 (9th Cir.2006), *overruled in part on other grounds by Estrada–Espinoza v. Mukasey,* 546 F.3d 1147, 1160 n. 15 (9th Cir.2008) (en banc)).

■ We have held that the BIA commits error when it fails to engage in a case-specific determination examining all of the factors identified in *In re Frentescu,* 18 I. & N. Dec. 244, 247 (1982).[1] *Afridi,* 442 F.3d at 1219–21. In *Afridi,* we determined that the BIA's consideration of only two of the factors—the nature of the conviction and the sentence imposed—and failure to consider the underlying facts and circumstances of the conviction in making its determination about danger to the community, was in error. 442 F.3d at 1221.

■ In the case before us, the BIA did not complete a case-specific *Frentescu* review, but focused only on the nature of the

conviction was a particularly serious crime: (1) the nature of the conviction; (2) the circumstances and underlying facts of the conviction; (3) the type of sentence imposed; and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community. *Frentescu,* 18 I. & N. Dec. at 247.

crime.[2] Therefore, pursuant to *Afridi*, we must remand the petition for withholding so that the BIA can conduct a proper analysis of the withholding claim.

## III

■ Substantial evidence supports the BIA's conclusion that the petitioner had failed to meet his burden of proving that it is "more likely than not" he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Petitioner failed to demonstrate that he was a member of any particular targeted group. Substantial evidence supports the BIA's conclusion that the mistreatment Petitioner received on a brief return to Vietnam in 2002 did not rise to the level of torture, nor did it indicate Petitioner would more likely than not be singled out for torture upon a permanent return.

## IV

In sum, the BIA did not err in concluding Petitioner could be deported without termination of his refugee status. The BIA erred in its analysis of Petitioner's withholding claim because it did not perform a case-specific analysis of whether his conviction constituted a "particularly serious crime." Substantial evidence supports the BIA's denial of relief under the CAT.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

**2.** The BIA's error cannot be cured by looking at the IJ's reasoning. Where, as here, the BIA did not adopt the reasoning of the IJ but instead exercised its power to conduct a de novo review of the record, we are limited to reviewing the decision of the BIA. *See Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008).