**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOI PHAN, | No. 10-73901 |
| Petitioner, | Agency No. A025-179-936 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 17, 2012
San Francisco, California

Before: BEA and HURWITZ, Circuit Judges, and SESSIONS, District Judge.**

    Doi Phan, a native and citizen of Vietnam, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") denying his application for withholding

of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    \*\*     The Honorable William K. Sessions, III, United States District Judge
for the District of Vermont, sitting by designation.

One convicted of a "particularly serious crime" is ineligible for withholding of removal. *See* 8 C.F.R. § 1208.16(d)(2); *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011); *see also* 8 U.S.C. § 1231(b)(3)(B) (defining "particularly serious crime"). This court previously vacated the BIA's determination that Phan's conviction for violating California Penal Code § 288(a) was facially a "particularly serious crime." *Phan v. Holder*, No. 06-72575, 2009 WL 3748412 (9th Cir. Nov. 6, 2009). The panel expressly rejected the BIA's determination that the crime was particularly serious based on its elements alone, and remanded for "a case-specific determination examining all of the factors identified in *In re Frentescu*, 18 I. & N. Dec. 244, 247 (1982)." *Id.* at *1.

On remand, however, a divided BIA did not conduct the mandated *Frentescu* analysis. Instead, over a dissent, the majority again held that violations of § 288(a) are particularly serious based on the elements of the offense alone.

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (citation omitted). Thus, "[a]bsent either new information or intervening case law," both this Court and lower courts are compelled to follow the mandate of the previous panel. *United States v. Paul*, 561 F.3d 970, 975 (9th Cir. 2009). Similarly, an

2

administrative agency may not deviate from the reviewing court's remand order. *See Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989).

In its decision on remand, the BIA suggested that an intervening Ninth Circuit decision, *Anaya-Ortiz v. Holder*, 594 F.3d 673 (9th Cir. 2010), now allowed it to find offenses particularly serious based solely on their elements. The BIA believed that *Anaya-Ortiz* had extended *Chevron* deference to *Matter of N-A-M-*, 24 I. & N. Dec. 336 (BIA 2007), which the BIA read as allowing it to declare offenses particularly serious based solely on their elements.

There are two flaws with this analysis. First, although *Matter of N-A-M-* assumed the agency's power to prescribe particularly serious crimes based solely on their elements, 24 I. & N. Dec. at 343, the BIA actually conducted a case-specific analysis in that case, *see id.* at 343-44. Thus, it is not clear whether the statement in *Matter of N-A-M-* about determining particularly serious crimes based solely on their elements was necessary to its holding, or was mere dicta.

More importantly, *Anaya-Ortiz* did not defer to *Matter of N-A-M-* with respect to the statement. Rather, *Anaya-Ortiz* involved the type of case-specific determination mandated by the previous decision in this case. This court deferred to *Matter of N-A-M-* only on the question of what evidence could be considered in making that determination. *Anaya-Ortiz*, 594 F.3d at 678 ("[W]e therefore defer to the BIA's

3

reasonable conclusion that 'all reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction.'" (quoting *Matter of N-A-M-*, 24 I. & N. Dec. at 342)).

Thus, the BIA erred in assuming that *Anaya-Ortiz* allowed it to disregard the previous mandate of this court. The question of whether the BIA has the power to declare crimes particularly serious based on their elements alone will almost surely have to be addressed by this court in some case. But given the prior panel's mandate, this is not that case. Because the BIA was not free to disregard that mandate, we remand to the agency once again to conduct a *Frentescu* analysis.

**PETITION FOR REVIEW GRANTED; REMANDED.**